THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JONAS SCHAINUCK, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. DAVID SCHAINUCK, Appellant.— Judgments of the County Court, Queens County, convicting defendants of the crimes of arson in the second degree and arson in the third degree; order denying defendants' motion to set aside the verdict; and order denying defendants' motion for an inspection of certain minutes and for other relief, in so far as appealed from, affirmed. Carswell, Johnston and Adel, JJ., concur with the following memorandum: The statements made by the complainants to the fire marshal should not have been excluded on the ground that they were barred by section 779, Greater New York Charter, because that section was not operative at the time of the fire. (See Laws of 1934, chap. 715.) There was, however, no harm in the rulings made with respect to the statements, which were not of a contradictory nature, because the witnesses had admitted at the trial that they had previously made such statements. Proof of damage to the realty was admissible, although the form of the evidence received was not the best. The rebuttal evidence that the witness Tunick was not abused at the time he gave a

statement to the district attorney, under *People* v. *Harris* (209 N. Y. 70, 80, *et seq.*), was not admissible, although in the opinion of the court it was not of such nature and extent as to tend to protract and confuse the issues. The evidence fully sustains the finding of the jury. The defendants claim that the testimony of the witnesses Tunick and Leibson was untruthful and contradictory and that they testified as they did in a spirit of revenge and because of a desire to injure the defendants. The jury has rejected these contentions. We affirm under section 542 of the Code of Criminal Procedure. Lazansky, P. J., and Close, J., concur in the affirmance of the order denying inspection of certain minutes, etc., but otherwise dissent and vote to reverse the judgments and the order denying defendants' motion to set aside the verdict, and to grant a new trial, with the following memorandum: We believe that the cumulative effect of the admitted errors prevented defendants from securing a fair trial. It was error to refuse the request of defendants' counsel for the examinations of Tunick and Leibson taken by the fire marshal. These two witnesses supplied the major portion of the proof offered on behalf of the People. The statements were used by the fire marshal to refresh his recollection and, under rules too well established to require citation of authority, the defendants were entitled to inspect such statements. There was no charter provision that prohibited their use by the defendants. It was error to permit proof of the amount of money paid to settle the claims for damages to the building where the fire occurred. Such evidence was not the best evidence of the extent of the fire and was highly prejudicial to the defendants. Error was committed by the introduction of rebuttal testimony in contradiction of the witness Tunick's alleged statement that his recantation was obtained by force. The People were limited to proof that the statement was not made. Instead they were permitted to offer proof that the incidents the defendants claimed Tunick related did not in fact occur. (*People* v. *Harris*, 209 N. Y. 70.) The attitude of the court was unfair and biased. There are numerous examples in the record demonstrating the court's attitude and indicating the court's belief in the defendants' guilt. Perhaps no one of these errors would call for a reversal, but a multiplication of errors when considered together cannot be deemed harmless, nor can errors in the aggregate be ignored. (*People* v. *Harris, supra; People* v. *Becker*, 210 N. Y. 274; *People* v. *Malkin*, 250 id. 185.)